UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL BENJAMIN,<br>　　　　　Plaintiff,<br>　　v.<br>WILINE NETWORKS, INC.,<br>　　　　　Defendant. | Case No. 17-cv-06118-KAW<br><br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 13 |

On October 12, 2017, Plaintiff Abdul Benjamin filed the instant case against Defendant WiLine Networks, Inc. in the Alameda County Superior Court, alleging that he was discriminated against based on his race and religion. (Compl. ¶ 1, Dkt. No. 1-1.) On October 25, 2017, Defendant removed the case from state court, on the basis of diversity jurisdiction. (Not. of Removal ¶ 1, Dkt. No. 1.) In asserting an amount in controversy over $75,000, Defendant relied on a settlement demand made by Plaintiff in the amount of $250,000. (Not. of Removal ¶ 17.)

On January 8, 2018, Plaintiff filed a motion to remand the case to state court. (Plf.'s Mot., Dkt. No. 13.) The Court deemed the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and vacated the March 15, 2018 hearing. (Dkt. No. 28.) Upon consideration of the parties' filings, and for the reasons stated below, the Court DENIES Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff is a former Account Manager for Defendant. (Compl. ¶¶ 15, 24.) During his employment, Plaintiff alleges that his supervisors subjected him to discrimination because he is African-American and Muslim. (Compl. ¶¶ 16-22.) Plaintiff further asserts that his employment was terminated because he spoke out against his supervisors' treatment of him. (Compl. ¶¶ 23-24.)

On September 17, 2017, prior to filing this lawsuit, Plaintiff sent a settlement demand to Defendant. (Benjamin Decl., Exh. A ("Settlement Demand"), Dkt. No. 14.) In the letter, Plaintiff sought to settle his claims without the need for formal litigation, and expressed his belief that Plaintiff "should be made whole for [Defendant's] unlawful treatment; [sic] including all lost wages, emotional distress, costs incurred and attorney's fees." (Settlement Demand at 1.) After describing the mistreatment Plaintiff suffered while employed by Defendant, Plaintiff ended the letter by stating that the claims could be resolved "informally, for $250,000.00." (*Id.* at 4.)

On September 22, 2017, Defendant's general counsel responded to the settlement demand. (Benjamin Decl., Exh. B.) Defendant offered no money, instead stating that it had "no interest whatsoever in settling this case and will take the case to a jury." (Benjamin Decl., Exh. B at 3.)

Plaintiff filed the instant suit on October 12, 2017, and Defendant removed the case on October 25, 2017. To demonstrate that the case involved an amount in controversy over $75,000, Defendant relied solely on the September 17, 2017 settlement demand for $250,000. (Not. of Removal ¶¶ 17-20.) On November 6, 2017, Defendant sent Plaintiff a Rule 68 offer of judgment, offering $5,000.00 to Plaintiff. (Benjamin Decl., Exh. C at 1.)

Plaintiff then brought this motion to remand the case to state court. In his motion, Plaintiff asserts that Plaintiff "did not have enough information to determine the true value of his claims" when he submitted his settlement demand, and therefore the settlement demand was submitted for negotiation purposes only. (Plf.'s Mot. at 3.) In support of his motion, Plaintiff submitted a declaration by Plaintiff's counsel, which stated in relevant part:

> When I sent the Settlement Demand, Defendant had not yet provided me with any information upon which to calculate Plaintiff's compensatory damages. I sent the Settlement Demand for negotiation purposes only, and prior to the discovery process. Accordingly, the Settlement Demand cannot be deemed sufficient evidence of the amount in controversy.

(Benjamin Decl. ¶ 3.)

On January 22, 2018, Defendant filed its opposition to Plaintiff's motion. (Def.'s Opp'n, Dkt. No. 18.) On January 29, 2018, Plaintiff filed his reply. (Plf.'s Reply, Dkt. No. 22.)

On February 14, 2018, the Court issued an order requiring supplemental briefing from

1 Plaintiff, regarding whether or not Plaintiff asserts that the amount in controversy is above

2 $75,000. (Dkt. No. 23.) After Plaintiff failed to respond, the Court issued an order to show cause.

3 (Dkt. No. 24.) On March 9, 2018, Plaintiff responded to the supplemental briefing order and order

4 to show cause. (Dkt. Nos. 25-27.) Plaintiff argued that the Court should not require him to

5 present evidence regarding the amount in controversy, and that he could not provide a declaration

6 about the value of his emotional distress claims or punitive damages without disclosing attorney-

7 client communications and attorney work product. (Dkt. No. 25 at 2.) Plaintiff also provided a

8 declaration stating that lost wages were between $25,000 and $30,000, but that it was his

9 "understanding that an expert is needed to evaluate" emotional distress, future lost wages, and the

10 effect of his current employment on damages. (Dkt. No. 27 ¶ 3.)

## II. LEGAL STANDARD

In general, "a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a).) When a defendant removes a case, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. From there, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. If, however, the plaintiff contests the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554 (citing 28 U.S.C. § 1446(c)(2)(B)).

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury. Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The defendant who seeks removal has the burden to show by a preponderance of evidence that the amount in controversy is adequate. *Ibarra*, 775 F.3d at 1197. To do so, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at

3

the time of removal." *Id.* (internal quotation omitted). Under this standard, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

### III. DISCUSSION

In its notice of removal, Defendant relies solely on Plaintiff's September 17, 2017 settlement demand to establish the amount in controversy. In *Cohn v. Petsmart, Inc.*, the Ninth Circuit held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims." 281 F.3d 837, 840 (9th Cir. 2002). There, the Ninth Circuit found that a settlement demand asserting that the trademark in dispute was worth more than $100,000 to the plaintiff, and demanding that amount in compensation, was sufficient to establish that the amount in controversy exceeded $75,000. *Id.* at 839-40. In so finding, the Ninth Circuit noted that the plaintiff "could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence. Rather, he consistently maintained that his mark is worth more than $100,000." *Id.* at 840.

In the instant case, the parties' primary dispute is whether Plaintiff has "disavowed" the settlement demand for $250,000. (Plf.'s Mot. at 4; Def.'s Opp'n at 6.) Courts have found that a plaintiff has sufficiently disavowed a settlement demand where the plaintiff states that the amount is inflated. For example, in *Vitae v. Celadon Trucking Services, Inc.*, the defendant removed a class action lawsuit based on the plaintiff's mediation brief, which estimated damages in excess of $18 million. Case No. CV16-8535 PSG (GJSx), 2017 WL 626356, at *1 (C.D. Cal. Feb. 15, 2017). After removal, the plaintiff stated that the damages estimate "was intended for discussion purposes only, and [d]id not reflect a reasonable estimate of" the claims. *Id.* at *4 (internal quotation omitted). The plaintiff also specifically conceded that he overstated the damages for meal and rest break violations, eliminated claims for misclassification penalties and overtime entirely, and admitted that his business expenses claim estimate was a "complete shot in the dark" and "a blind guess." *Id.* (internal quotations omitted). Based on these concessions, the plaintiff provided a new calculation of damages that estimated liability at under $4 million. *Id.* The

district court concluded that the plaintiff had disavowed the damages estimate, such that the court could not find that the mediation brief damages represented "a reasonable estimate" of the plaintiff's claims. *Id.*

Similarly, in *Walker v. CorePower Yoga, LLC*, the defendant asserted that the amount in controversy in a class action was met, relying in part on the plaintiff's settlement letter which estimated the defendant's "*possible total exposure* in this matter to be approximately *$25,570,375* (or more)." No. 12cv4-WHQ-DHB, 2013 WL 2338675, at *6 (S.D. Cal. May 28, 2013) (internal quotation omitted). The district court found that the plaintiff expressly disavowed the letter when the plaintiff admitted that the exposure figure "was calculated using nothing but unsupported and inflated assumptions because at the time Plaintiff had not yet received initial disclosures or any discovery from Defendant," and further asserted that "[t]he calculations regarding exposure . . . are not reasonable." *Id.* at *7 (internal quotation omitted); *see also Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1070 (C.D. Cal. 2014) (finding disavowal where the plaintiff "concede[d] that the figure set forth in the risk assessment is unsupported and inflated"); *Graybill v. Khudaverdian*, Case No.: SACV 15-1627-CJC(JCGx), 2015 WL 7295378, at *4 (C.D. Cal. Nov. 17, 2015) (finding disavowal where the plaintiff acknowledged an error in his initial calculation and affirmed that the claim involved no more than $42,000 in lost use damages); *Castillo v. ABM Indus., Inc.*, Case No. 5:17-cv-1889-AB (KKx), 2017 WL 5609791, at *2 (C.D. Cal. Nov. 20, 2017) (finding disavowal where the plaintiff admitted that "the settlement demand constituted 'puffing and posturing,' and that it did not reflect a reasonable estimate of her claims").

In contrast, in *Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc.*, the district court found that the amount in controversy was adequately established where the defendant relied on an e-mail from the plaintiff's counsel, offering to settle the case for $150,000. CV 16-1068-GW (JEMx), 2016 U.S. Dist. LEXIS 54348, at *16 (C.D. Cal. Apr. 21, 2016). Although the plaintiff argued generally that "as is common in the practice, demands made to attend mediation are usually inflated and usually are not the amount the case settles for," the plaintiff did not otherwise assert that the $150,000 demand was not a serious valuation of his claims, nor did the plaintiff indicate there was a different amount that was more accurate. *Id.* at *16-17. The district court concluded

that the plaintiff did not disavow the $150,000 estimate. *Id.* at *17.

Here, Plaintiff argues that he does not believe the settlement amount in the letter represents an estimate of the value of Plaintiff's case. (Plf.'s Mot. at 3.) In support, Plaintiff provides a declaration from Plaintiff's counsel, which states that when he sent the settlement demand, Defendant had not yet provided information for Plaintiff to calculate compensatory damages. (Benjamin Decl. ¶ 3.) Plaintiff's counsel further states that the settlement demand was for negotiation purposes only. (*Id.*) Notably, Plaintiff's counsel does not state in his declaration that the settlement demand is not a reasonable estimate of the value of Plaintiff's case. When asked for supplemental briefing, Plaintiff again did not state that the settlement demand was not a reasonable estimate of the value of his case, or that his case was not worth more than $75,000.[1] (Dkt. No. 25 at 2; Dkt. No. 27 ¶ 3.)

The Court finds that Plaintiff has not disavowed the estimate. Unlike *Vitae* and *Walker*, for example, Plaintiff does not suggest that he overstated the damages or that the estimates were complete guesswork. *See* 2017 WL 626356, at *4 (eliminating claims and admitting that certain estimates were overstated or a "complete shot in the dark"); 2013 WL 2338675, at *7 (admitting that the exposure figure was based on unsupported and inflated assumptions, and that the calculations were unreasonable); *Leon*, 76 F. Supp. 3d at 1070 (conceding that the estimated exposure was unsupported and inflated). Plaintiff also does not assert that a figure below the $75,000 amount in controversy requirement would be more accurate. *Contrast with Vitae*, 2017 WL 626356, at *4 (providing new calculation of damages estimating liability at under $4 million in class action); *Graybill*, 2015 WL 7295378, at *4 (affirming that the claim involved at most $42,000 in lost use damages). Plaintiff does not even suggest that a figure less than the $250,000 settlement demand would be more reasonable. Instead, Plaintiff relies primarily on counsel's

---

[1] Notably, although Plaintiff's declaration suggests that he does not know the amount of his damages, the accompanying supplemental briefing states that a declaration about the value of the emotional distress claims and punitive damages could not be disclosed without disclosing attorney-client communications and/or attorney work product. (Dkt. No. 25 at 2.) This implies that Plaintiff does know the amount in controversy. Moreover, the Court did not request a declaration stating the specific amounts at issue; it simply asked whether Plaintiff was valuing his claims at more than $75,000. (*See* Dkt. No. 23.)

assertion that the number was for negotiation purposes only, and prior to discovery.

With respect to Plaintiff's contention that the number was for negotiation purposes only, the Court finds that this argument is comparable to that in *Gonzalez*, in which the district court rejected the plaintiff's argument that mediation demands are usually inflated. 2016 U.S. Dist. LEXIS 54348, at *16. Furthermore, simply because a number is made for negotiation purposes does not automatically mean that the number here was inflated; indeed, Plaintiff never states that the number was in fact inflated, despite being offered for negotiation purposes. (*See* Benjamin Decl. ¶ 3.) As to Plaintiff's argument that he made his settlement demand prior to obtaining any discovery from Defendant to calculate compensatory damages, the Court finds this argument unpersuasive. (Benjamin Decl. ¶ 3.) Plaintiff does not explain why he would require discovery from Defendant to estimate his own lost wages. This is not, for example, a class action where the plaintiff lacks information specific to other class members. Instead, such information should be in possession of Plaintiff, who would have access to information of what his wages were and the resulting losses, the amount of emotional distress he suffered, the punitive damages sought, and the amount of attorney's fees incurred through the date of removal. Thus, the Court concludes that Plaintiff has not disavowed the settlement demand estimate.

In the alternative, Plaintiff argues that courts have looked at offers made by the defendant as evidence of the case's value, citing to *Seals v. Asset Acceptance LLC*. (Plf.'s Mot. at 4.) There, the district court considered an e-mail from the defendant to the plaintiff, offering to settle the case for $1,000. No. 13-cv-1969-W (NLS), 2014 WL 808877, at *2 (S.D. Cal. Feb. 28, 2014). The district court found that "[t]his offer clearly reflects Asset's belief that the amount in controversy was far below the $75,000 jurisdictional requirement." *Id.*

The Court finds *Seals*, a non-binding district court case, unpersuasive. A defendant's offer does not reflect the amount in controversy. Instead, it reflects whether the defendant believes that the case has merit. A party who believes that a case has no merit will offer a low settlement amount, even if the value of the case should the plaintiff's allegations be proven true is substantially higher. Thus, the Court finds that the mere fact that Defendant offered to settle the case for $5,000 does not suggest that the amount in controversy is only $5,000.

The Court therefore finds that the settlement demand is relevant evidence of the amount in controversy, and denies Plaintiff's motion to remand. Because the Court finds that the amount in controversy is satisfied by Plaintiff's settlement demand, it need not consider Defendants' alternative argument that jury verdicts in analogous cases establish the jurisdictional amount in controversy.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: March 29, 2018

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge